**FILED**
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS

Jul 24, 2018

OFFICE OF THE CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

| | |
|---|---|
| NICOLE BLAKELEY, *on behalf of herself* )<br>*and all others similarly situated,* )<br>                                       )<br>            Plaintiff,                  )<br>                                       )<br>v.                                     )<br>                                       )<br>ACTION REVENUE RECOVERY,               )<br>LLC,                                   )<br>                                       )<br>            Defendant.                 )<br>_____) | CIVIL ACTION NO: 18-5147<br><br>**COMPLAINT – CLASS ACTION** |

### NATURE OF ACTION

1.     Plaintiff Nicole Blakeley ("Plaintiff") brings this putative class action against Defendant Action Revenue Recovery, LLC ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, individually and on behalf of herself and all others similarly situated.

### JURISDICTION, VENUE, AND STANDING

2.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Plaintiff has Article III standing to bring this action, as she seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing,*

1

*LLC*, No. 15 C 10446, 2016 WL 3671467, at \*3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff reside in this district, and where Defendant transacts business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5.      Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

6.      "[T]he FDCPA is a broad remedial statute that imposes strict liability on debt collectors; its terms are to be applied 'in a liberal manner.'" *Cordes v. Frederick J. Hanna & Associates, P.C.*, 789 F. Supp. 2d 1173, 1175 (D. Minn. 2011) (quoting *Owens v. Hellmuth & Johnson, PLLC*, 550 F. Supp. 2d 1060, 1063 (D. Minn. 2008)).

7.      "The FDCPA is a remedial, strict liability statute which was intended to be applied in a liberal manner." *Picht v. John R. Hawks, Ltd.*, 77 F.Supp.2d 1041, 1043 (D. Minn. 1999).

8.      "In evaluating whether a debt collection letter is false, misleading, or deceptive in violation of § 1692e, the letter must be viewed through the eyes of an unsophisticated consumer." *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002).

9.      The unsophisticated consumer standard is "designed to protect consumers of below average sophistication or intelligence, but they also contain an 'objective element of

2

reasonableness.'" *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002) (quoting *Gammon v. G.C. Services Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994)).

10.     Therefore, a debt collector is liable for engaging in conduct that could mislead the unsophisticated consumer even if the debt collector did not intend to mislead, and even if the plaintiff is not actually misled.

## PARTIES

11.     Plaintiff is a natural person who at all relevant times resided in the State of Arkansas, County of Benton, and City of Rogers.

12.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13.     Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

14.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

15.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

16.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical bills (the "Debt").

17.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

3

18.    Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

19.    On June 2, 2018, Plaintiff received an alert that Defendant placed a collection account on her consumer report.

20.    On June 4, 2018, Plaintiff telephoned Defendant in response to the report on her credit report.

21.    The June 4, 2018 telephone conversation was Defendant's initial communication with Plaintiff.

22.    That same day, Defendant sent Plaintiff an email with a letter attached.

23.    A true and correct copy of the June 4, 2018 letter is attached as Exhibit A.

24.    Defendant's June 4, 2018 letter purported to contain the notices required in an initial communication by 15 U.S.C. § 1692g(a).

25.    However, nowhere in Defendant's June 4, 2018 letter does it meaningfully convey the identity of the creditor to whom the Debt is currently owed.

26.    Plaintiff received and read Defendant's June 4, 2018 letter.

27.    Upon reading the June 4, 2018 letter, Plaintiff was unsure of who the current creditor was.

28.    The only entity other than Defendant mentioned in the letter is Pinnacle Radiology, who Defendant labeled as the "original creditor." Exhibit A.

29.    The letter implies that the original creditor is different than the current creditor, as it uses both terms within the body of the letter.

4

30.    However, nowhere in Defendant's letter does Defendant disclose who the current creditor is. Exhibit A.

31.    Thus, the least sophisticated consumer would also not understand who the current creditor to whom the debt was owed, upon receipt of Defendant's letter.

32.    Defendant's June 4, 2018 letter does not otherwise explain who its "client" is, or give any indication as to the identity of the current creditor. Exhibit A.

33.    Therefore, Defendant's June 4, 2018 letter failed to meaningfully convey the name of the creditor to whom the Debt is owed.

34.    The June 4, 2018 letter referenced the Debt as medical bills with dates of service of "3/1/2010, 10/19/2010, 7/15/2011, 8/31/2012." Exhibit A.

35.    The State of Arkansas sets a two year statute of limitation for initiating an action based on medical services. *See* Ark. Code § 16-56-106(b).

36.    Therefore, the Debt was beyond the statute of limitations and Defendant could take no legal action to collect it.

37.    At no time did Defendant inform Plaintiff that the Debt was past the statute of limitations to collect through the filing of a lawsuit.

38.    "Silence about that significant risk of losing the protection of the statute of limitations renders [Defendant's] dunning letter misleading and deceptive as a matter of law." *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 685 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 736, 199 L. Ed. 2d 604 (2018).

39.    In addition, Defendant's actions go a step further and implied that the Debt is legally enforceable.

5

40.     On June 8, 2018, Defendant placed a telephone call to Plaintiff.

41.     During the call, Defendant stated it was a courtesy call before the Debt went into a "pre-legal status."

42.     Defendant used language in the telephone call that gave, or would give, the least sophisticated consumer the misleading impression that the Debt was legally enforceable.

43.     Defendant's letter failed to disclose the risk that, if Plaintiff did make a partial payment on the Debt and was unable to complete the terms of the settlement offers, the statute of limitations on the Debt would be renewed.

### CLASS ACTION ALLEGATIONS

44.     Plaintiff repeats and re-alleges all factual allegations above.

45.     Upon information and belief, Defendant's June 4, 2018 letter is based on a form or template used by Defendant to send initial collection letters to debtors (the "Template").

46.     The Template fails to meaningfully convey the name of the current creditor to whom the alleged debt is owed, in the same manner as Defendant did with Plaintiff above.

47.     Defendant has used the Template to send collection letters to over 40 individuals in the State of Arkansas within the year prior to the filing of the original complaint in this matter.

48.     Defendant has used the Template to send collection letters to over 40 individuals in the State of Arkansas within the year prior to the filing of the original complaint in this matter, where the debt was past the statute of limitations period at the time the letter was sent.

49.     Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent the following classes of individuals:

**Original Creditor Class**
All persons with an Arkansas address, to whom Defendant sent a letter based upon the Template, within one year before the date of this complaint.

**Statute of Limitations Class**
All persons with an Arkansas address, to whom Defendant mailed a letter based on the Template, within one year before the date of this complaint, where the debt was past the statute of limitations period at the time the letter was sent.

50.     The classes are averred to be so numerous that joinder of members is impracticable.

51.     The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

52.     The classes are ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

53.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

54.     Plaintiff's claims are typical of those of the classes she seeks to represent.

55.     The claims of Plaintiff and of the classes originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

56.     Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

7

57.     Plaintiff will fairly and adequately protect the interests of the class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

58.     Plaintiff is willing and prepared to serve this Court and the proposed classes.

59.     The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

60.     Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

61.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes who are not parties to the action or could substantially impair or impede their ability to protect their interests.

62.     The prosecution of separate actions by individual members of the classes would create a risk of inconsistent or varying adjudications with respect to individual class members, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the classes.

63.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the classes, making final declaratory or injunctive relief appropriate.

64.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the classes predominate over any questions affecting only individual members.

65.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e

66.     Plaintiff repeats and re-alleges each factual allegation contained above.

67.     The FDCPA broadly prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, including "the false representation of the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A), and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10).

68.     "Whether a debt is legally enforceable is a central fact about the character and legal status of that debt." *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 399 (6th Cir. 2015) (quoting *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014)).

69.     When a debt is past the statute of limitations, "collection efforts offer opportunities

for mischief and deception." *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 684 (7th

Cir. 2017).

70.     When faced with a settlement offer or a demand for payment, "an unsophisticated

consumer debtor who makes the first payment or who promises to make a partial payment is much

worse off than he would have been without taking either step. If he then fails or refuses to pay

further, he will face a potential lawsuit." *Id.* at 685.

71.     "[T]he FDCPA prohibits a debt collector from luring debtors away from the shelter

of the statute of limitations without providing an unambiguous warning that an unsophisticated

consumer would understand." *Id.*

72.     In addition, discussion of settlement or otherwise leading the consumer to believe

that the debt is enforceable runs afoul of the FDCPA's prohibition on false or misleading

representations. *See Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 428 (3d Cir. 2018); *Daugherty

v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 513 (5th Cir. 2016); *Buchanan v. Northland Grp.,

Inc.*, 776 F.3d 393, 397 (6th Cir. 2015); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020

(7th Cir. 2014).

73.     Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading

representations or means in connection with the collection of Plaintiff's Debt, including by

misleading the consumer as to whether the debt was enforceable and by coaxing the consumer to

make a payment and revive the statute of limitations without an unambiguous disclaimer that doing

so would restart the statute of limitations.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692e with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff, and the class she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff, and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692f

74.   Plaintiff repeats and re-alleges each factual allegation contained above.

75.   The FDCPA also prohibits the use of unfair or unconscionable means to collect debts. *See* 15 U.S.C. § 1692f.

76.     In addition to the non-exhaustive list of conduct that violates the FDCPA, § 1692f

"allows a court to sanction improper conduct the FDCPA fails to address specifically." *Turner v.*

*Professional Recovery Services, Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013) (quoting *Adams v.*

*Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996)).

77.     Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means

against Plaintiff in connection with an attempt to collect an alleged debt, including by soliciting

payment of a debt from Plaintiff, thus luring the consumer away from the shelter of the statute of

limitations, without providing an unambiguous warning that an unsophisticated consumer would

understand that doing so would restart the limitations period.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)  Determining that this action is a proper class action, certifying Plaintiff as a class
representative under Rule 23 of the Federal Rules of Civil Procedure, and
designating this Complaint the operable complaint for class purposes;

    b)  Adjudging that Defendant violated 15 U.S.C. § 1692f with respect to Plaintiff and
the class she seeks to represent;

    c)  Awarding Plaintiff, and the class she seeks to represent, actual damages, pursuant
to 15 U.S.C. § 1692k(a)(1);

    d)  Awarding Plaintiff such additional damages as the Court may allow in the amount
of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

    e)  Awarding such amount as the Court may allow for all other class members, without
regard to a minimum individual recovery, in the amount of $500,000 or one percent
of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f)  Awarding Plaintiff, and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g)  Awarding Plaintiff, and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h)  Awarding such other and further relief as the Court may deem proper.

### COUNT III
### VIOLATION OF 15 U.S.C. § 1692g(a)(2)

78.   Plaintiff repeats and re-alleges each factual allegation contained above.

79.   A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

80.   Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.*, 943 F.2d 482, 484 (4th Cir. 1991)).

81.   This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

82.     "Viewed from the perspective of the least sophisticated consumer, the Validation Notice must effectively convey the identity of the creditor." *Youssofi v. CMRE Fin. Servs., Inc.*, No. 15CV2310 JM(WVG), 2016 WL 4098312, at *3 (S.D. Cal. Aug. 2, 2016).

83.     "Merely including the current creditor's name in a debt collection letter, without more, is insufficient to satisfy 15 U.S.C. § 1692g(a)(2)." *McGinty v. Prof'l Claims Bureau, Inc.*, No. 15CV4356SJFARL, 2016 WL 6069180, at *4 (E.D.N.Y. Oct. 17, 2016); *see Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-CV-3549, 2016 WL 4148330, at *11 (E.D.N.Y. Aug. 4, 2016) ("[A] debt collector cannot satisfy Section 1692g(a)(2) by naming an entity without explicitly or implicitly making clear in the letter that the entity is the debtor's current creditor to whom a debt is owed.").

84.     Defendant violated 15 U.S.C. § 1692g(a)(2) by failing to meaningfully convey to Plaintiff the name of the creditor to whom the alleged debt is owed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

   b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(2) with respect to Plaintiff and the class she seeks to represent;

   c) Awarding Plaintiff and the class she seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e)  Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f)  Awarding Plaintiff and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g)  Awarding Plaintiff and the class she seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h)  Awarding such other and further relief as the Court may deem proper.

### TRIAL BY JURY

85.    Plaintiff is entitled to and hereby demands a trial by jury.

Dated: July 19, 2018.

Respectfully submitted,

Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
*Lead Counsel for Plaintiff*